**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| GEARY S. SIMON, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 16-1405 (RC) |
| | : | | |
| v. | : | Re Document No.: | 4 |
| | : | | |
| BRANDON MITCHELL, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM & ORDER**

**REMANDING TO THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA;
DENYING DEFENDANT'S MOTION TO REMAND AS MOOT**

Plaintiffs Geary S. Simon and Summer Simon filed this action in the Superior Court for the District of Columbia on May 20, 2016, seeking a temporary restraining order and a permanent injunction against Defendant Brandon Mitchell.[1] *See* Compl. ¶ 2.[2] In brief, Plaintiffs allege that Mr. Mitchell engaged in harassing behavior and they filed suit seeking a temporary restraining order. *Id.* Plaintiffs' Complaint does not include any federal causes of action and states that jurisdiction in the Superior Court is founded on D.C. Code § 11–921. *Id.* ¶ 2. The Superior Court granted Plaintiffs' request for a temporary restraining order on May 27, 2016, *see* Superior Court Record at 36–37, and issued a permanent injunction on June 10, 2016, *see id.* at 21. During the course of the Superior Court litigation, Defendant Mr. Mitchell also filed a motion seeking a permanent injunction against Mr. Simon. *Id.* at 14. On July 6, 2016, Plaintiffs

---

[1] Plaintiffs' Complaint states that Mr. Mitchell is also known as Brandon M. Feliciano.

[2] The Complaint is included in the Superior Court record transmitted to this Court. *See* Superior Court Record at 44, ECF No. 2-1.

removed the case to this Court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal ¶ 1, ECF No. 1.

On July 21, 2016, this Court issued an order identifying several potential obstacles to this Court's exercise of jurisdiction and directing Plaintiffs to show cause why this action should not be remanded to the Superior Court. *See* Order to Show Cause, ECF No. 3. The order directed Plaintiffs to respond by August 5, 2016. *Id.* Plaintiffs failed to respond to the order.[3] The Court acknowledges that Plaintiffs are proceeding *pro se*, but even *pro se* litigants "must comply with the Federal Rules of Civil Procedure." *Jarrell v. Tisch,* 656 F. Supp. 237, 239 (D.D.C. 1987). Plaintiffs have been given the opportunity to supplement their arguments in support of this Court's jurisdiction, but they have failed to do so. The Court finds that, because Plaintiffs have failed to respond to the order to show cause, Plaintiffs have waived their right to any argument contesting this Court's remand to the Superior Court. Nevertheless, the Court considers the questions presented and finds that remand would be required even if Plaintiffs had not conceded the issue.

Generally, a defendant in a civil action brought in a state court may remove the action to a federal district court if the action is one over which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). The Superior Court of the District of Columbia is considered a state court for this purpose. *See* 28 U.S.C. § 1451(1). The D.C. Circuit has explained, however, that "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court *must* remand the case."

---

[3] After the Court issued its order, Defendant moved to remand the case, arguing that the parties are not diverse. *See* Def.'s Mot. to Remand at 1, ECF No. 4. At this time, Plaintiffs have not responded to the motion. Because the Court will remand *sua sponte*, Defendant's motion will be denied as moot.

*Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)) (emphasis added).  Because removal implicates federalism concerns, the court "strictly construes the scope of its removal jurisdiction."  *Downey v. Ambassador Devel., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941)) (other citations omitted).  "The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court."  *Id.* at 30 (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (other citations omitted); *see also Reed v. AlliedBarton Sec. Servs., LLC*, 583 F. Supp. 2d 92, 93 (D.D.C. 2008).  Because either a party or a district court, acting *sua sponte*, may raise the court's lack of subject matter jurisdiction, a court may also issue a remand order on its own initiative.  *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196–97 (4th Cir. 2008); *see also Sloan v. Soul Circus, Inc.*, No. 15-1389, 2015 WL 9272838, at *4 n.4 (D.D.C. Dec. 18, 2015).[4]

Plaintiffs removed the case to this Court alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, better known as diversity jurisdiction.[5]  Plaintiffs contend that the "amount in controversy exceeds $75,000.00" and that there "is complete diversity of citizenship" between the parties.  *See* Notice of Removal ¶ 1.  The Court finds that it must remand this case for at least two distinct reasons.

---

[4] An action may also be remanded because of procedural defects with the removal, but a court can only order a remand on procedural grounds following a motion by a party.  *See Ellenburg*, 519 F.3d at 198–99 (collecting cases and finding that "all of the circuit courts that have considered the question have concluded that a district court is prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion").  The Court previously noted potential procedural defects with the removal in this case, *see* Order to Show Cause at 4–5, but it does not need to reach those issues here.

[5] The relevant portion of the statute states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ."  28 U.S.C. § 1332(a)(1).

First, the record does not appear to support Plaintiffs' claims with regard to the amount in controversy. The brief Complaint seeks only injunctive relief, and makes no mention of money damages. *See generally* Compl. The Court's review of the Superior Court record reveals no request for monetary damages, much less any request in excess of $75,000. The only references to monetary damages are found in the Notice of Removal, *see* Notice of Removal ¶ 1, and the Civil Cover Sheet attached to the Notice of Removal, *see* Civil Cover Sheet at 2, ECF No. 1-2. Both demand exactly $75,000. Plaintiffs provide no documentation or argument in support of this figure in their Complaint. Plaintiffs have also failed to provide any supplementary evidence in response to the Court's order to show cause. Thus, the Court finds that Plaintiffs have failed to meet their burden of proving that the amount in controversy in this case satisfies the statutory diversity jurisdiction requirement. *See Reed*, 583 F. Supp. 2d at 94 ("The Court finds that AlliedBarton's unsubstantiated allegation that Plaintiff 'made a demand well in excess of $75,000,' without more, does not sufficiently prove the amount in controversy.").

Second, Plaintiffs also claim that there "is complete diversity of citizenship in that Plaintiff/Counter-Defendant is an individual with a domicile in the District of Columbia and Defendant/Counter-Plaintiff is an individual with a domicile in the State of New York." *See* Notice of Removal ¶ 1. Plaintiffs' Notice of Removal lists a New York state address for Mr. Mitchell. *Id.* at 1. The Court's review of the Superior Court record, however, reveals that Plaintiffs' May 20, 2016 Complaint listed a District of Columbia address for Mr. Mitchell. *See* Compl. at 1. Further, Mr. Mitchell was served with the Complaint at another District of Columbia address. *See* Superior Court Record at 39. Mr. Mitchell listed the same District of Columbia address found in the Complaint in his own motion before the Superior Court, and the injunctive relief he sought would have protected that address as well. *See id.* at 14–17. Finally,

Mr. Mitchell filed a motion to remand before this Court, which states that he is "a resident of the District of Columbia" and that he has "not lived in New York City since 2014." Def.'s Mot. to Remand at 1.  Aside from their unsupported allegations, Plaintiffs have provided no evidence to the contrary.  Nor have Plaintiffs provided any evidence or argument in response to the Court's order to show cause.  Based on the record available, the Court finds that Mr. Mitchell is a resident of the District of Columbia.  Plaintiffs have failed to meet their burden of proving that the citizenship of the parties satisfies the statutory diversity jurisdiction requirement, and the Court must remand this case to the Superior Court.  *See Republic of Venezuela*, 287 F.3d at 196; *see also Collier v. District of Columbia*, 46 F. Supp. 3d 6, 18 (D.D.C. 2014) (remanding a severed claim *sua sponte* because both parties were residents of Maryland).

Accordingly, it is hereby **ORDERED** that this case is **REMANDED** to the District of Columbia Superior Court.  And it is

**FURTHER ORDERED** that Defendant's motion to remand (ECF No. 5) is **DENIED AS MOOT**.

**SO ORDERED**.

Dated: August 10, 2016                                                              RUDOLPH CONTRERAS
                                                                                                United States District Judge